IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LITTLE MOSES REYNA,<br><br>  Plaintiff,<br><br>v.<br><br>SIMS CATTLE AND TRUCKING, LLC, *et al.*,<br><br>  Defendants. | 2:25-CV-009-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand ("Motion") (ECF No. 9), filed January 22, 2025. Having considered the Motion, the relevant law, the Notice of Removal, and the briefing, the Court **DENIES** the Motion.

**BACKGROUND**

On December 10, 2024, Plaintiff filed a negligence case against Defendants in Potter County, Texas, state court. ECF No. 1 at 11. Defendants received service on December 20, 2024. *Id.* at 1–2. The case arose from a vehicle collision on Interstate 40 in Potter County, Texas. *Id.* at 12. Plaintiff was driving eastbound when Defendants' vehicle collided with the driver side of Plaintiff's vehicle. *Id.* Plaintiff sued the driver and the trucking company for negligence. *Id.* at 12–14. In his state complaint, Plaintiff claimed he incurred $17,958.18 in medical expenses. Additionally, Plaintiff claimed damages for sustained and future medical expenses, earnings losses, pain and suffering, mental anguish and emotional distress, physical impairment, physical disfigurement, loss of enjoyment of life, and damages from aggravation of a pre-existing condition. *Id.* at 14–15.

Defendants timely filed a notice of removal on January 13, 2025, under 28 U.S.C. Sections

1441(b) and 1446(b). ECF No. 1. Defendants alleged diversity jurisdiction as the basis for this Court's original jurisdiction upon removal. *Id.* at 2. Plaintiff is a citizen of Texas and Defendants are a citizen of Nebraska and a Nebraska corporation. *Id.* Additionally, Defendants alleged that the amount in controversy exceeds $75,000 as Plaintiff's petition evidenced. *Id.*

Plaintiff timely filed this Motion to Remand. ECF No. 9; 28 U.S.C. 1447(c). He does not contest the parties' citizenship but claims that his original state petition did not allege an amount in controversy above $75,000. *Id.* at 6–8. He argues Defendants never believed that the amount in controversy could exceed $75,000 despite alleging such because they offered him a lower settlement amount. *Id.* at 7–8. Further, Plaintiff notes he never put any specific amounts in his state petition beyond the "amount of medical expenses [he] incurred as a result of treatment of [his] injuries." *Id.* at 8. That amount is only $17,958.18. *Id.* at 5. Accordingly, Plaintiff seeks remand for lack of jurisdiction.

LEGAL STANDARD

Defendants can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Congress gives federal district courts original jurisdiction over matters if the amount in controversy exceeds $75,000 and there is complete diversity between the parties. 28 U.S.C. § 1332(a). The party that removes the case bears the burden of establishing that the federal court has jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). Jurisdictional facts

for removal are assessed at the time of removal. *Macon v. Blomquist*, No. 4:06-CV-128, 2006 WL 8438467, at *2 (N.D. Tex. May 4, 2006).

The amount in controversy is the "value of the object of the litigation" and not other incurred expenses. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 640 (5th Cir. 2003). Typically, the amount the plaintiff claims in their original petition controls the amount in controversy if made in good faith. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408–09 (5th Cir. 1995), *superseded by statute on other grounds*, *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1059 (5th Cir. 2022); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). But plaintiffs filing suit in Texas state courts cannot allege an exact dollar amount for their damages. *Beasley v. Liberty Ins. Corp.*, No. 3:10-CV-631, 2010 WL 2697151, at *1 (N.D. Tex. July 7, 2010) (citing TEX. R. CIV. P. 47(b)); *see also De Aguilar*, 47 F.3d at 1410. Instead, Texas state plaintiffs may only state that the damages sought are within the jurisdictional limits of the state court.

When the state court petition does not set forth specific damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)(ii), (c)(2)(B); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). Essentially, a court must determine "whether it is more likely than not that the amount of the claim will exceed" $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998). This can be assessed in two different ways: First, if "it is apparent from the face of the petition that the claims are likely to exceed $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Or second, if "the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.*; *Garcia*, 351 F.3d at 638–39; *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.6 (5th Cir. 1992)

3

("[T]he federal court may either: (1) look to the petition for removal, (2) make an independent appraisal of the amount of the claim, or suggest that the defendant is free to do so, or (3) remand the action."). A plaintiff may conclusively avoid removal if he files a binding stipulation with his state complaint limiting his recovery to $75,000. *See Richard v. Time Warner Cable Media, Inc.*, 960 F. Supp. 2d 659, 662 (N.D. Tex. 2013).

ANALYSIS

Here, it is apparent from the face of Plaintiff's state petition that his claims are likely to exceed $75,000. In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit held a district court correctly denied a motion to remand when the plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework. 171 F.3d 295, 298 (5th Cir. 1999). Similarly, in *Gebbia v. Wal-Mart Stores, Inc.*, the Fifth Circuit held a district court correctly denied remand when the plaintiff alleged in her original petition that she had injuries on her right wrist, left knee and patella, and upper and lower back along with medical expenses, pain and suffering, mental anguish and suffering, loss of enjoyment of life, lost wages and earning capacity, and disfigurement. 233 F.3d 880, 883–84 (5th Cir. 2000).

Reading the face of the state petition, the Plaintiff claims damages quite akin to the plaintiff's in *Gebbia*. First, he claims $17,958.18 of medical damages already incurred. ECF No. 1 at 12. Even more, Plaintiff lists a long list of additional damages sought. He seeks past and future medical expenses, past and future lost earnings and earning capacity, past and future physical pain, past and future mental anguish and emotional distress, past and future physical impairment, past and future physical disfigurement, and past and future loss of his enjoyment of life. *Id.* at 14–15. These alleged damages need only to likely exceed about $57,000 because Plaintiff already

4

enumerated nearly $18,000 in incurred medical expenses. But many of these alleged damages, much less all combined, could likely exceed $57,000. For example, if Plaintiff was off work for a year, he may incur sufficient damages for jurisdiction. Or his future loss of enjoyment of life could reach the needed amount. In total, because Plaintiff does seek damages for a long list of expensive losses, the Court determines the face of his state petition easily sets forth claims worth more than $75,000.

Plaintiff argues that because Defendants offered to settle the case for less than the expenses Plaintiff already incurred then they must believe the case worth less than $75,000. ECF No. 9 at 5, 8. However, in the Fifth Circuit, settlement offers are not considered when determining jurisdictional amount. *See Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917, at *1 n.5 (5th Cir. July 18, 2002) (settlement offers "do not necessarily or even persuasively suggest that [the] claims amount to no more than $75,000 in controversy"); *Kliebert v. Upjohn Co.*, 915 F.2d 142 (5th Cir. 1990), *vacated for reh'g en banc*, 923 F.2d 47 (5th Cir. 1991), *appeal dismissed*, 947 F.2d 736 (5th Cir. 1991) (explaining settlement offers are normally "less than the damages the plaintiff expects to receive if victorious at trial" so they "do[] not restrict . . . [the] claim"). Accordingly, the Court affords no jurisdictional weight to Defendants' presuit offer to settle the case for a low amount. Plaintiff's Motion to Remand is **DENIED**.

**SO ORDERED.**

January 27, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE